*C. F. Carr, W. D. Boswell, for appellant.*

---

### Henry C. Parrish v. Thomas F. Barker.

**Sale of Personal Property.**

> Where there is an executory contract for the sale of personal property, before either party can recover for breach of contract he must show performance or willingness to perform his part of the contract.

**Warranty.**

> Where there is a warranty and an agreement that an animal shall be sound and all right on the day of delivery the purchaser is not bound to take the animal if he is unsound, even if he knew of such unsoundness at the date of making the contract.

APPEAL FROM FAYETTE CIRCUIT COURT.

March 30, 1876.

Opinion by Judge Lindsay :

The parties to this litigation do not differ as to the terms of the contract. Barker, in his letter of December 2, 1872, says: "The only condition to the trade was that he (the jack) was to be well on De-

cember 1." He says in his testimony that on the day the contract
was entered into Parrish stated to Bergen, in his presence, that he
(Barker) was to keep the jack until the first of December, at which
time he (Parrish) was to come and get him and pay the price, and
that the jack was to be sound and all right upon that day. Bergen
and Parrish both concur in this statement of the terms of the condi-
tion upon which Parrish was to pay for and receive the jack. It
may, therefore, be regarded as conclusively proved that Parrish was
to pay for and receive the jack upon December 1, 1872, if he was, on
that day, "sound and all right."

The petition of appellant shows that on the day named, the jack
was not sound and all right, and that he was at that time afflicted
with a certain stiffness of the neck. But it further shows that de-
fendant had notice of said affliction, and that the stiffness of the neck
was excepted out of the warranty of soundness.

The proof tends to show that Parrish had notice, at the time he
made the contract, that the neck of the jack was stiff, but there is no
proof whatever to show that any exception in this regard was made
to the warranty of soundness. Upon the contrary Barker proves
that the agreement was that the animal was to be "sound and all
right" on the first day of December. Being "sound and all right"
necessarily means that the animal was to be free from any disease or
affection impairing in any sensible degree his value.

Barker alleges in his petition that on the 1st day of December,
1872, he was ready to deliver to said defendant said jack at the place
agreed upon. Parrish expressly denies this material averment, and
there is no proof whatever to show that Barker had the jack at the
place of delivery on the day upon which Parrish was to receive and
pay for him. The failure of proof in this regard, and the proof on
the subject of the alleged exception from the warranty, that the ani-
mal should be "sound and all right, on the day of the delivery," gave
the appellant the right to demand a new trial, upon the second ground
assigned, viz.: "That the verdict is not sustained by sufficient evi-
dence, and is contrary to law."

But as the proof may be different upon the next trial, we deem it
necessary to inquire into the law of the case. It seems to us imma-
terial whether the contract of sale was executed or executory. In
either event it is plain that in this case the seller retained the pos-
session of and held the property at his own risk. But he had the
right under the contract, by having the jack at the place of delivery,
on the day agreed upon, (provided the animal was then "sound and

all right") to invest the purchaser with the title even if it had not therefore passed to him by the terms of the agreement. He had the option of three causes. He might consider the animal the property of Parrish and hold it for him, and sue for the contract price. He might consider the jack as Parrish property, and sell him with due precaution to satisfy his lien, and look to Parrish for any balance that might remain imposed of the purchase price. He might consider the jack his own property, and look to Parrish for the difference between the contract price and the market value of the jack at the time and place agreed upon for the delivery. *Bell v. Offutt,* 10 Bush 632.

His action is based upon the idea that he has all the while intended to avail himself of the remedy first stated.

Appellant complains that the court, instructing the jury upon this point, assumed that Barker elected to pursue said remedy, within a reasonable time, and before the jack became seriously sick. This assumption was erroneous under the proof because he failed to prove that he was ready and willing to deliver the jack at the time and place, and under the condition agreed upon. But if he had made that proof, as there is nothing in the record to show the contrary, the fact that he had so elected ought to be assumed. If the purchaser failed or refused to receive the property, and the seller had placed himself in a position to comply with his agreement to deliver, and was willing and ready to make delivery, the court ought to presume that he has all the while intended to claim the performance of the contract according to its terms. If he did at any time before the commencement of his action elect to hold the property as his own, and to claim no more in the way of damages than the difference between the contract and the market price of the property, that election may be used by the purchaser as a defense to his action for the recovery of the contract price. But it must be relied on by the purchaser, and proved by him.

We are of opinion that the law applicable to that branch of the defense, based upon the alleged fact that Parrish contracted as the agent of McCall, was properly presented to the jury. Instruction No. 4 given for appellee, and instructions Nos. 2 and 4 given for appellant, are free from objection. To the extent that the instructions not specially noticed, whether given at the instance of the parties, or upon the motion of the court, are inconsistent with the law as herein stated, they are regarded as erroneous and misleading.

For the reasons given the judgment is *reversed* and the cause re-

manded for a new trial, upon principles not inconsistent with this opinion.

*Breckenridge & Buckner, Smith & Shelby,* for appellant.
*Morton & Parker,* for appellee.